NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010[*]
Decided August 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1701

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:02 cv 480 |
| FUNDS ON DEPOSIT AT BANK ONE CHICAGO ACCOUNT 1110010428312,[**] et al., *Defendants.* | Andrew P. Rodovich, *Magistrate Judge.* |

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

[**]We substitute the second defendant property named in the complaint for the first because the first was forfeited in a separate criminal proceeding. We retain the original account number but note that Bank One was merged into JPMorgan Chase & Co. in 2004.

APPEAL OF: JONG HI BEK.

**O R D E R**

Jong Hi Bek appeals from an order granting summary judgment for the government in this action for civil forfeiture. We affirm the judgment.

Police in Gary, Indiana, observed on most mornings a queue outside a pain-management clinic run by Bek, who at that time was a licensed physician. An undercover investigation revealed that Bek was not practicing medicine, but instead selling prescriptions that could be filled at pharmacies staffed by his coconspirators. The investigation led to this action for civil forfeiture and Bek's conviction on more than two dozen counts of drug trafficking, 21 U.S.C. §§ 841(a)(1), 846, and health-care fraud, 18 U.S.C. § 1347. We upheld the convictions on all but one substantive count. *United States v. Bek*, 493 F.3d 790, 799 (7th Cir. 2007). Bek was sentenced to 41 months' imprisonment and 2 years' supervised release.

The government seeks to forfeit cash in several bank accounts, plus more than $48,000 in currency seized from Bek's house during the criminal case. The government contends that these funds are proceeds of Bek's prescription mill, *see* 21 U.S.C. § 881(a)(6), and that some of the proceeds were laundered through different accounts before they were seized. Bek agreed to forfeit $30,000 from one account but contested the forfeiture of funds in his other accounts.

At summary judgment the government relied on bank records, evidence from the criminal case, and the affidavit of an investigator from the Food and Drug Administration who analyzed Bek's transactions. That evidence supports the government's theory that Bek had no genuine patients and instead prescribed whatever drugs his customers requested during sham consultations. He accepted only currency, of which $48,295 (including marked bills from undercover agents) was found in his home. He also deposited currency totaling $691,490 into one bank account and $335,000 into another. Assuming that these amounts represent the entirety of his drug proceeds, Bek netted $1,074,785. From the first two accounts, Bek shuffled the money into others.

Bek did not dispute that his prescription business was his only source of currency deposits (as opposed to checks from sales of several properties). Instead, he insisted that all of the money was clean because he was innocent and his practice was bona fide. A magistrate judge, presiding by consent, granted summary judgment for the government. The judgment amount of $501,153.51, plus a criminal forfeiture and the agreed forfeiture, totaled $1,066,214.79—thousands of dollars less than the most conservative estimate of his drug proceeds.

Bek stakes this appeal on his renewed assertion that he is totally innocent, but this assertion is precluded by his criminal conviction. *See Instituto Nacional De Comercializacion Agricola v. Cont'l Ill. Nat'l Bank and Trust Co.*, 858 F.2d 1264, 1271 (7th Cir. 1988). He also mentions the Eighth Amendment's proscription of excessive fines, but forfeiting the proceeds of crime never violates the Eighth Amendment. *See United States v. Betancourt*, 422 F.3d 240, 250-51 (5th Cir. 2005); *United States v. Real Property Located at 22 Santa Barbara Drive*, 264 F.3d 860, 874-75 (9th Cir. 2001).

AFFIRMED.